UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

IDC FINANCIAL PUBLISHING, INC.,

   Plaintiff,

Case No. 2:16-cv-00596

v.

RBC CAPITAL MARKETS, LLC,

   Defendant.

## PROTECTIVE ORDER

Based on the stipulated motion of the parties and the factual representations set forth therein, the Court finds that exchange of sensitive information between or among the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties or to others. The Court further finds that the terms of this Order are fair and just and that good cause has been shown for entry of a protective order governing the confidentiality of documents produced in discovery, answers to interrogatories, answers to requests for admission, and deposition testimony.

IT IS THEREFORE ORDERED THAT, pursuant to Fed. R. Civ. P. 26(c) and Civil L. R. 26(e):

**(A)** **DESIGNATION OF CONFIDENTIAL OR ATTORNEYS' EYES ONLY INFORMATION.** Designation of information under this Order must be made by placing or affixing on the document or material, in a manner that will not interfere with its legibility, the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

 (1) One who produces information, documents, or other material may designate them as "CONFIDENTIAL" when the person in good faith believes they

contain trade secrets or nonpublic confidential technical, commercial, financial, personal, or business information.

(2) One who produces information, documents, or other material may designate them as "ATTORNEYS' EYES ONLY" when the person in good faith believes that they contain particularly sensitive trade secrets or other nonpublic confidential technical, commercial, financial, personal, or business information that requires protection beyond that afforded by a CONFIDENTIAL designation.

(3) Except for information, documents, or other materials produced for inspection at the party's facilities, the designation of confidential information as CONFIDENTIAL or ATTORNEYS' EYES ONLY must be made prior to, or contemporaneously with, their production or disclosure. In the event that information, documents or other materials are produced for inspection at the party's facilities, such information, documents, or other materials may be produced for inspection before being marked confidential. Once specific information, documents, or other materials have been designated for copying, any information, documents, or other materials containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated them. There will be no waiver of confidentiality by the inspection of confidential information, documents, or other materials before they are copied and marked confidential pursuant to this procedure.

(4) Portions of depositions will be deemed confidential only if designated as such when the deposition is taken or within 30 days of receipt of the deposition transcript.

(5) If a party inadvertently produces information, documents, or other material containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information

without marking or labeling it as such, the information, documents, or other material shall not lose its protected status through such production and the parties shall take all steps reasonably required to assure its continued confidentiality if the producing party provides written notice to the receiving party within 10 days of the discovery of the inadvertent production, identifying the information, document or other material in question and of the corrected confidential designation.

(6) In accordance with Federal Rule of Evidence 502(d), any inadvertent or erroneous production or disclosure of privileged material shall not be deemed a waiver— in this litigation or in any other proceeding, including in federal or state proceedings—of any applicable privilege or immunity (including, without limitation, the attorney-client privilege, the work product doctrine, and the joint defense or common interest privilege) that would otherwise attach to the document or information or to other documents or information. The inadvertent or erroneous disclosure of privileged material during this proceeding will not be construed as a waiver, in whole or in part, of (i) the producing party's claims of privilege either as to the specific information disclosed or more generally as to the subject matter of the information disclosed, or (ii) the producing party's right to designate the material as privileged material in this litigation or in any other proceeding, including federal and state proceedings. The producing party that made the inadvertent or erroneous disclosure shall promptly notify the receiving party within 10 days of the discovery of the inadvertent production. Upon notification, the receiving party shall take all steps reasonably required to ensure the information's confidentiality and not make use of such document or information for any purpose. Nothing in this Protective Order shall extend attorney-client privilege or attorney work-product

protection to any material where such a privilege or protection has been waived in any manner other than by the inadvertent or erroneous disclosure to any receiving party in this matter.

**(B)     DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION.**

Information, documents, or other material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Order must not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraphs (B)(1) and (2) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information, documents, or other material were disclosed (including appeals).

(1)     CONFIDENTIAL INFORMATION. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents or other material designated as "CONFIDENTIAL" by any other party or third party under this Order, except that disclosures may be made in the following circumstances:

(a)     Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(b)     Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

(c) Disclosure may be made to court reporters and/or videographers engaged for depositions and those persons, if any, used by counsel of record or the parties as third-party service vendors.

(d) Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(e) Disclosure may be made to deposition, hearing, and trial witnesses in connection with their testimony in the lawsuit and to the Court, the Court's staff, and jurors.

(f) Disclosure may be made to persons already in lawful and legitimate possession of such CONFIDENTIAL information.

(g) Disclosure may be made to any person indicated on the face of a document marked CONFIDENTIAL as its originator, author, or recipient.

(2) ATTORNEYS' EYES ONLY INFORMATION. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents, or other material designated as "ATTORNEYS' EYES ONLY" by any other party or third party under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(a) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a

disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(b) Disclosure may be made to court reporters and/or videographers engaged for depositions and those persons, if any, used by counsel of record or the parties as third-party service vendors.

(c) Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(d) Disclosure may be made to deposition, hearing, and trial witnesses in connection with their testimony in the lawsuit and to the Court, the Court's staff, and jurors.

(e) Disclosure may be made to persons already in lawful and legitimate possession of such ATTORNEYS' EYES ONLY information.

(f) Disclosure may be made to any person indicated on the fact of a document marked ATTORNEYS'EYES ONLY as its originator, author, or recipient.

**(C)** **MAINTENANCE OF CONFIDENTIALITY.** Except as provided in subparagraph (B), counsel for the parties must keep all information, documents, or other material designated as confidential that are received under this Order secure within their exclusive possession and must place such information, documents, or other material in a secure area.

(1) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of information, documents, or other material designated as confidential under this Order, or any portion thereof, must be immediately affixed with the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if not already containing that designation.

(2) To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof must be filed under seal by the filing party with the Clerk of Court utilizing the procedures set forth in General L. R. 79(d).

(3) Whenever CONFIDENTIAL or ATTORNEYS' EYES ONLY information is introduced or used at a deposition, hearing, trial, or other proceeding, the portions of the proceeding that concern such CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be conducted under circumstances to ensure that only those persons duly authorized by this Order to have access to such CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be present. Upon motion of any party, the portions of the transcript of any such proceeding, along with associated exhibits, that concern CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be sealed and kept confidential.

**(D) CHALLENGES TO CONFIDENTIALITY DESIGNATION.** A party may challenge the designation of confidentiality or invocation of privilege under this Order by motion. The movant must accompany such a motion with the statement required by Civil L. R. 37. The designating party bears the burden of proving that the information, documents, or other

material at issue are properly designated as confidential. Likewise, the party claiming privilege or protection bears the burden of proving that the information, documents, or other material at issue is properly privileged or protected. The Court may award the party prevailing on any such motion actual attorney fees and costs attributable to the motion.

**(E)** **CONCLUSION OF LITIGATION.** At the conclusion of the litigation, a party may request that all information, documents, or other material not filed with the Court or received into evidence and designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Order must be returned to the originating party or, if the parties so stipulate, destroyed, unless otherwise provided by law. Notwithstanding the requirements of this paragraph, a party may retain a complete set of all documents filed with the Court, subject to all other restrictions of this Order.

Dated this 13th day of March, 2018, at Milwaukee, Wisconsin.

BY THE COURT:

s/Lynn Adelman
Hon. Lynn Adelman
District Judge

18568027.1